IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER ANIMAL HEALTH GMBH, and BAYER HEALTHCARE LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. _____ ) |
| THE HARTZ MOUNTAIN CORP. and CAP IM SUPPLY, INC., | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Bayer Intellectual Property GmbH, Bayer Animal Health GmbH, and Bayer HealthCare LLC (collectively, "Bayer" or "Plaintiffs"), for their Complaint against Defendants The Hartz Mountain Corporation and CAP IM Supply, Inc., (collectively, "Defendants"), by their attorneys, allege as follows:

**Nature of the Action**

1. This is an action for infringement of United States Patent No. 7,384,938 (the "'938 Patent") under the Patent Laws of the United States, 35 § U.S.C. § 1 *et seq*. The '938 Patent covers Bayer's Advantage®II product for the prevention and treatment of fleas for companion animals, such as dogs and cats.

**The Parties**

2. Bayer Intellectual Property GmbH ("Bayer IP") is a corporation organized and existing under the laws of Germany, with a place of business at Alfred-Nobel-Strasse 10, 40789 Monheim, Germany. Bayer IP is a wholly owned subsidiary of Bayer AG.

3. Bayer HealthCare LLC ("Bayer HealthCare") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 100 Bayer Blvd, Whippany, NJ 07981. Bayer HealthCare is also a wholly owned subsidiary of Bayer AG, an entity formed under the laws of, and based in, Germany. Bayer Animal Health ("Bayer AH") is a division of Bayer HealthCare with its principal place of business at 12809 Shawnee Mission Parkway, Shawnee, Kansas. The business of Bayer HealthCare relevant to this action is operated by Bayer AH.

4. Bayer Animal Health GmbH is a corporation organized and existing under the laws of Germany, with a place of business at Kaiser-Wilhelm-Allee 50, 51373 Leverkusen, Germany. Bayer Animal Health GmbH is also a wholly owned subsidiary of Bayer AG. Bayer Animal Health GmbH, Bayer HealthCare, and Bayer IP are affiliated companies under common control.

5. On information and belief, The Hartz Mountain Corporation ("Hartz") is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 400 Plaza Drive, Secaucus, New Jersey 07094-3688. On information and belief, CAP IM Supply, Inc. ("CAP IM") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 303 Perimeter Center North, Suite 300, Atlanta, Georgia 30346.

**Jurisdiction and Venue**

6. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338(a).

7. On information and belief, Hartz has purposefully conducted and continued to conduct business in this District, including availing itself of the rights, protections, and benefits

of Delaware law. Hartz is registered to do business in the State of Delaware and has appointed a registered agent in Delaware to accept service of process.

8. On information and belief, Hartz offers for sale, causes to be offered for sale, sells, or causes to be sold various pet care products in this judicial district and is thereby doing business in this judicial district. This Court has personal jurisdiction over Hartz by virtue of its continuous business presence and registration to do business in Delaware and this judicial district, and by the actions of Hartz and those of its agents and affiliated suppliers, as described below, which directly infringe the '938 Patent within this State and judicial district.

9. This Court has jurisdiction over CAP IM Supply as it is incorporated under the laws of the State of Delaware.

10. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

**Background**

11. On June 10, 2008, the '938 Patent, titled "Aqueous Formulations of Parasiticides for Skin Applications," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to inventors Kirkor Sirinyan, Hubert Dorn, and Ulrich Heukamp. A true and correct copy of the '938 Patent is attached to this complaint as Exhibit A.

12. The '938 Patent claims novel water-containing formulations for the dermal control of parasitic insects on animals. The water-containing formulations claimed by the '938 Patent include *inter alia*, (i) agonists or antagonists of the nicotinic acetylcholine receptors of insects, such as 1-[6-chloro-3-pyridinyl)methyl]-N-nitro-2-imidazolidinium (common name Imidacloprid), in a concentration of from 1 to 20% by weight based on the overall weight of the formulation, (ii) water in a concentration of from 2.5 to 15% by weight based on the overall weight of the formulation, and (iii) certain specified organic solvents, which can include certain

3

alcohols and cyclic carbonates. The water-containing formulations claimed in the '938 Patent have excellent storage stability and tolerability by animals.

13. Bayer IP is the owner, by assignment registered in the USPTO, of the entire right, title, and interest in the '938 Patent. Bayer Animal Health GmbH is the exclusive licensee of Bayer IP under the '938 Patent. Bayer HealthCare is the exclusive licensee of Bayer Animal Health GmbH under the '938 Patent.

14. Bayer HealthCare, through Bayer AH, is engaged in the research, development, and marketing of, *inter alia*, a variety of products that kill pests that afflict animals, including companion animals. Certain of these products contain pesticides that have been registered and approved for sale by the U.S. Environmental Protection Agency ("EPA"). One such product manufactured and sold in the U.S. by Bayer AH is Advantage®II topical flea treatment, which contains the registered pesticides imidacloprid and pyriproxyfen and is one of the leading product in the U.S. for the prevention and treatment of fleas in companion animals. The Advantage®II product is exclusively marketed in the U.S. by Bayer AH.

15. The Advantage®II product and methods of making Advantage®II are covered by at least one claim of the '938 Patent.

16. The Advantage®II product is registered by the EPA pursuant to Section 3 of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. §136 *et seq*. Bayer HealthCare holds the following EPA registrations allowing for the legal sale and distribution of Advantage®II in the U.S.: Registration Nos. 11556-125, 11556-127, 11556-128, 11556-130, 11556-150, 11556-151, and 11556-152.

17. As part of the EPA's registration process, Bayer HealthCare incurred significant costs in conducting the studies and collecting data to fulfill the statutory requirements under FIFRA in support of its application to the EPA to register the Advantage®II product.

18. Defendants currently sell and offer to sell in the United States pesticide products containing imidacloprid and pyriproxyfen for the treatment of fleas in dogs and cats under the tradename Advecta™II. Advecta™II is a topical flea treatment that competes directly with Bayer's Advantage®II product. The Advecta™II product is available for purchase throughout the U.S at retail stores such as Target and is advertised via the internet as follows: "Advecta™II for Dogs contains the same active ingredients used in Bayer Advantage II for Dogs." and "Advecta™II for Cats contains the same active ingredients used in Bayer Advantage II for Cats." *See e.g.*, website page: http://advecta2.com/products/ and http://advecta2.com/product/advecta-ii-for-large-cats/. A copy of each website page cited in this paragraph is attached to this Complaint as Exhibit B. The product label and packaging for the Advecta™II products also state that Advecta™II "Contains the Same Active Ingredients Used in Advantage® II."

19. Defendants further currently sell and offer to sell in the United States pesticide products containing imidacloprid and pyriproxyfen for the treatment of fleas in dogs and cats under the tradename Para/Defense™. Para/Defense™ is a topical treatment that competes directly with Bayer's Advantage®II product. On information and belief, Defendants supply or cause the Para/Defense™ product to be supplied to veterinarians and veterinarian clinics, through which the Para/Defense™ product is distributed and sold to consumers. Para/Defense™ is advertised to consumers as having "all the advantages of Advantage®II without the high cost." *See e.g.,* website pages: (1) http://www.paradefensepet.com/consumer-dog/ and (2) http://www.paradefensepet.com/consumer-cat/. Para/Defense™ is also advertised as having the

5

"same active ingredients and the same concentration as Advantage®II." *See* website page http://www.paradefensepet.com/vet/. A copy of each website page cited in this paragraph is attached to this Complaint as Exhibit C.

20. Defendants further currently sell and offer to sell in the United States pesticide products containing imidacloprid and pyriproxyfen for the treatment of fleas in dogs and cats under the tradename PetLock®II. PetLock®II is a topical treatment that competes directly with Bayer's Advantage®II products. The PetLock®II product is available for purchase throughout the U.S at retail stores such as PetCo and is advertised via the internet as follows: "PetLock®II for Dogs contains the same active ingredients used in Advantage®II." and "PetLock®II for Cats contains the same active ingredients used in Advantage®II." *See e.g.*, website page: http://pet-lock.com/product/petlock-ii-for-small-dogs/ and http://pet-lock.com/product/petlock-ii-for-small-cats/. A copy of each website page cited in this paragraph is attached to this Complaint as Exhibit D. The product label and packaging for PetLock®II also state that PetLock®II "Contains The Same Active Ingredients Used in Advantage®II."

21. On information and belief, Hartz manufactures in the United States the products referred to above that are sold as Advecta™II, Para/Defense™, and PetLock®II. On information and belief, in late 2013 or early 2014, Hartz applied to the EPA for registration under Section 3 of FIFRA for approval to manufacture products containing imidacloprid and pyriproxyfen to be sold as topical treatments for fleas on companion animals.

22. On October 27, 2014, the EPA granted Hartz the following registrations for its companion animal pesticide product containing imidacloprid and pyriproxyfen: Hartz #145 (Reg. No. 2596-180), 146 (Reg. No. 2596-181), 147 (Reg. No. 2596-182) and 148 (Reg. No. 2596-183). On information and belief, the EPA's approval of Hartz's registrations relied on

animal safety and efficacy data previously generated and submitted by Bayer in support of the Bayer registrations. Hartz has not paid Bayer HealthCare for relying on its data.

23. Under FIFRA, a registrant may distribute or sell its registered products under the name of another person or entity when certain conditions have been satisfied. Such distribution is termed a "supplemental distribution." On information and belief, CAP IM has supplemental distribution rights for pesticide products containing imidacloprid and pyriproxyfen as made by Hartz under at least Hartz registrations 145 (Reg. No. 2596-180) and 146 (Reg. No. 2596-181). On information and belief, CAP IM's Advecta™II, Para/Defense™, and PetLock®II products are sold under these registrations. On information and belief, CAP IM engages third party distributors, including but not limited to TruRX LLC, to provide Advecta™II and PetLock®II to large retail outlets, such as Target and PetCo.

24. On May 22, 2015, CAP IM notified Bayer HealthCare of its intention to rely on studies submitted by Bayer HealthCare to the EPA to support CAP IM's application for a single end-use registration for a companion animal product containing a combination of the active pesticide ingredients imidacloprid and pyriproxyfen. CAP IM has not paid Bayer HealthCare for relying on its data.

25. On information and belief, the imidacloprid/pyriproxyfen products that CAP IM distributes as Advecta™II, Para/Defense™ and PetLock®II are made by Hartz under its EPA registrations.

### Claim for Relief -- Infringement of the '938 Patent

26. Bayer incorporates each of the preceding paragraphs as if fully set forth herein.

27. Hartz and CAP IM have infringed and continue to infringe one or more claims of the '938 Patent, literally or under the doctrine of equivalents by making, offering to sell, and

selling in the United States products containing imidacloprid and pyriproxyfen, including products sold under the tradenames Advecta™II, Para/Defense™, and PetLock®II. For example, each of Advecta™II, Para/Defense™ and PetLock®II contain imidacloprid, water, and alcoholic and cyclic carbonate solvents as covered by at least claim 1 of the '938 Patent.

28. On information and belief, Hartz and CAP IM are each acting with knowledge of the '938 Patent from at least as early as the date of this complaint and without a reasonable basis for believing that they would not be liable for infringement of the '938 Patent, making their infringement willful from at least that date. For example, in a letter dated January 10, 2014, Hartz advised Bayer AH that it was "well aware of Bayer's U.S. patent holdings relating to the use of imidacloprid in connection with the control of ectoparasites on companion animals." The '938 Patent is one such patent.

29. As a direct result of Hartz and CAP IM's infringing acts, Bayer has suffered and will continue to suffer damage and irreparable harm.

30. Unless Hartz and CAP IM are enjoined from infringing the '938 Patent, Bayer will suffer irreparable injury for which damages are an inadequate remedy.

## PRAYER FOR RELIEF

Bayer respectfully requests the following relief from this Court:

(a) Judgment that Hartz has infringed one or more claims of the '938 Patent;

(b) Judgment that CAP IM has infringed one or more claims of the '938 Patent;

(c) Entry of an injunction against Hartz and CAP IM and those in privity with them and those acting in concert with them from further infringement of the '938 Patent;

(d) An award to Bayer of damages adequate to compensate it for all infringement occurring through the date of judgment, with prejudgment interest, and for any supplemental damages as appropriate and post-judgment interest after that date;

(e) An award of enhanced damages and counsel fees for willful infringement as permitted by law;

(f) A finding that this action for infringement is an exceptional case under 35 U.S.C. § 285 and an award of reasonable counsel fees and costs; and

(g) An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Bayer hereby demands a trial by jury of all issues so triable.

OF COUNSEL:

Gary H. Levin
BAKERHOSTETLER LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891
(215) 568-3100

Irene E. Hudson
BAKERHOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4207

Krista Lynch
BAKERHOSTETLER LLP
1050 Connecticut Avenue N.W.
Suite 1100
Washington, DC 20036
(202) 861-1500

February 17, 2017

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Plaintiffs*